[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11415
Non-Argument Calendar

_____

D.C. Docket No. 6:11-cv-00715-CEM-KRS

HEALTH FIRST, INC.,

                                        Plaintiff - Appellee,

versus

RICHARD HYNES, M.D.,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 6, 2016)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Health First, Inc., brought suit against Richard A. Hynes, M.D., alleging Hynes: (1) violated the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030; (2) violated the Stored Communications Act (SCA), 18 U.S.C. § 2701; and (3) committed breach of contract under Florida common law.  The district court granted Health First partial summary judgment on all liability issues[1] and, following a bench trial, awarded damages to Health First.  The bulk of the damages were for "investigative and compliance" expenses, including legal fees for in-house and outside counsel, that Health First incurred as a result of Hynes's unlawful activity.  After the district court entered judgment against Hynes, Health First filed a Motion to Alter or Amend, requesting an amended judgment providing for attorney's fees and prejudgment interest.  The district court held an evidentiary hearing then granted the motion and entered an amended final judgment.  Hynes now appeals.  He challenges the district court's respective orders granting partial summary judgment and the Motion to Alter or Amend.  He also claims the district court made two erroneous evidentiary rulings.  Finding no reversible error, we affirm.

We begin with Hynes's evidentiary challenges.  Hynes argues the district court committed reversible error at the bench trial and post-judgment evidentiary hearing by admitting into evidence: (1) information related to his wealth and (2)

---

[1] The district court's grant of summary judgment on CFAA liability was contingent upon Hynes proving damages in excess of $5,000.

billing statements for Health First's investigative and compliance legal fees.  We review the district court's decisions on the admission of evidence for abuse of discretion.  *Goulah v. Ford Motor Co.*, 118 F.3d 1478, 1483 (11th Cir. 1997).  "We will not overturn an evidentiary ruling unless the moving party proves a substantial prejudicial effect."  *Id.*

According to Hynes, the district court abused its discretion by admitting information related to his wealth because such evidence was irrelevant and highly prejudicial.  However, Hynes has not shown that this evidence had a "substantial prejudicial effect."  *See id.*  Indeed, Hynes has failed to prove the information had any direct or indirect effect on the district court's decision.  First, Health First offered the information in support of its argument that attorney's fees should be awarded for the sake of deterrence, but the district court did not award attorney's fees based on deterrence.  Hence, the information did not directly bear on the district court's decision.  Second, Hynes does not point to any evidence suggesting that the district court inappropriately relied on the information.  Rather, he merely makes a general assertion that the information was prejudicial.  Given we assume that, in a bench trial, the trial judge can exclude "improper inferences from his mind in reaching a decision," Hynes's assertion is insufficient to prove that the information indirectly prejudiced the district court's decision.  *See Gulf States*

3

*Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. Unit A Jan. 1981).[2]  Thus, we find no abuse of discretion.

Additionally, Hynes contends that the district court should not have admitted the billing statements for Health First's investigative and compliance legal fees because the statements were untrustworthy.  Health First submitted the statements as evidence of the amount of such fees it paid to outside counsel.  The statements were admitted through Health First's general counsel, who testified based on his personal knowledge that Health First indeed paid the amounts referenced in the statements.  This testimony belies Hynes's assertion that the statements did not accurately reflect Health First's legal fees.  Based on these facts, we cannot find the district court abused its discretion in admitting the statements.[3]

We next consider Hynes's challenges to the district court's respective orders granting partial summary judgment and the Motion to Alter or Amend.  Hynes puts forth several arguments attacking the orders.  After careful consideration of each of these arguments, we find that both orders are well-reasoned and we conclude that

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we held that all decisions of the "old Fifth" Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit.

[3] Relatedly, Hynes also appears to argue that the district court erred in determining the amount of outside counsel legal fees incurred by Health First as damages.  We review for clear error the district court's findings on damages.  *Superior Const. Co. v. Brock*, 445 F.3d 1334, 1339 (11th Cir. 2006).  "We will not find the district court committed clear error unless, after assessing the evidence, we are left with a definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).  Upon review of the record, we are not left with a "definite and firm conviction" that the district erred in determining outside counsel legal fees.  *See id.* (internal quotation marks omitted).  As such, we hold that the district court did not commit clear error.

4

neither order warrants reversal.  Therefore, we affirm the decisions substantially

for the reasons given by the district court.[4]

    **AFFIRMED.**

---

[4] Hynes raises one argument on appeal related to the district court's grant of partial summary judgment that the court did not address in its order: he asserts he has immunity under Fla. Stat. § 395.0193(5) from Health First's claims.  However, Hynes never raised this argument before the district court, and "failure to raise an issue, objection or theory of relief in the first instance to the trial court generally is fatal." *Iraola & CIA, S.A. v. Kimberly-Clark Corp*., 325 F.3d 1274, 1284 (11th Cir. 2003) (internal quotation marks omitted).  While we may address an argument not raised below "[w]here the proper resolution of the case is beyond any doubt" or "injustice might otherwise result," neither of these circumstances are present here.  *See id*. (internal quotation marks omitted).  Accordingly, we will not consider Hynes's new argument.